Filed 2/26/25  P. v. Suatele CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083993 |
| v. | (Super.Ct.No. FSB21002355) |
| ANTHONY NIUALAMA SUATELE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Kristen Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

In this *Anders/Wende* matter,[1] defendant and appellant Anthony Niualama Suatele appeals from the jury's verdict convicting him of first degree murder for shooting the victim to death.  (Pen. Code, § 187, subd. (a).)  The jury also found true three firearm enhancement allegations.  (Pen. Code, § 12022.53, subds. (b), (c), (d).)  Following a bench trial in which the trial court found several aggravating factors to be true, the court at sentencing imposed an aggregate prison term of 50 years to life.

Given the nature of the appeal, we only briefly set out the underlying facts of the case and the procedural background of an issue that arose at trial.  Defendant testified. He admitted confronting the victim, whom he heard had been dating defendant's wife while defendant was in jail, and continued to date her for several years after defendant's release, when defendant and his wife were homeless and living separately.  Defendant was released from jail sometime in 2018.

According to defendant, the confrontation began the morning of May 24, 2021, when the victim called defendant from across the street over to where the victim was walking near a strip mall on University Parkway in San Bernadino.  Though the victim kept walking, defendant followed him and pulled out a gun, believing a physical confrontation was imminent.  The victim had his back to defendant, but turned and said something.  According to defendant, the victim had a knife in each hand.  When defendant saw the victim had "pulled out the knives first," defendant fired a warning shot away from the victim.  But "the gun went crazy" and "like, let off multiple bullets like a

---

[1] *Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.

machine gun almost." The victim fell to the ground and defendant ran away. He knew the victim was "done" because of the trajectory of "all the bullets . . . towards his face area."

Defendant admitted in his testimony that he told someone he killed the victim, as that person had testified during the prosecution's case-in-chief. The evidence also established defendant confessed to a second person. After officers arrested defendant, forensic evidence showed that a firearm retrieved from the backpack defendant discarded during his arrest was the same gun used to kill the victim. A photo of the firearm was found in one of defendant's online accounts; the photograph was taken the day before the murder.

During the trial, defendant moved for a mistrial on the grounds that the prosecutor played for the jury a portion of defendant's interview with police after defendant invoked his right to an attorney, and provided the jury those "last few pages of the transcript" of the interview. The trial court denied a mistrial and admonished the jury to disregard "that portion of the recording and not consider it for any purpose." The court also ordered the corresponding portions of the "exhibit and transcript" redacted. Defendant refused the trial court's offer of a jury instruction repeating the admonishment.

Following the jury's verdict as noted above, defendant appealed, and this court appointed appellate counsel. Counsel's review of the record uncovered no arguable issues, including after consultation with Appellate Defenders, Inc. (See *People v. Johnson* (1981) 123 Cal.App.3d 106, 109 [threshold for "an arguable issue" requires "a reasonable potential for success" on appeal].) In reaching that conclusion, counsel has

noted two issues for our potential consideration in our independent review: (1) Was there sufficient evidence to support the verdict, and (2) Did the court err in denying defendant's motion for a mistrial?

Having independently reviewed the record for potential error, we are satisfied defendant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

RAMIREZ
P. J.

FIELDS
J.